**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS PINTO RIVERO; JESSICA LUZ PINTO ESCALANTE; JOSE ASUNCION SALCIDO CERRILLO, | No. 23-1230 |
| | Agency Nos. |
| Petitioner, | A216-260-462 A216-260-463 A216-260-464 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 20, 2024**
San Francisco, California

Before: BRESS and VANDYKE, Circuit Judges, and LASNIK, District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

This case involves three petitioners, Juan Carlos Pinto Rivero ("Pinto Rivero"), Jessica Luz Pinto Escalante ("Escalante"), and Jose Asuncion Salcido Cerrillo ("Cerrillo"). They seek review of a Board of Immigration Appeals ("BIA") decision affirming a decision by an Immigration Judge ("IJ") denying asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

When reviewing final orders of the BIA, we apply the deferential substantial evidence standard of review. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). Under the substantial evidence standard, the agency's "findings of fact are conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Ruiz-Colmenares*, 25 F.4th at 748 (emphasis in original) (citation omitted). All questions of law are reviewed de novo. *Id.*

1. Lead petitioner, Pinto Rivero, first claims that the agency failed to consider his imputed political opinion of opposition to terrorism, as well as his proposed particular social group ("PSG") of "former members of a police group charged with investigating terrorist organizations." To be eligible for asylum, an applicant must show a likelihood of "persecution or a well-founded fear of persecution on account

2

of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).

The agency found no nexus between the threats he received and any of the protected grounds he proposed. It concluded that the sole motivation for the threats was revenge. We have previously held that a showing that a petitioner was persecuted out of revenge for acts done while he was a police officer was not the same as showing a nexus between the persecution and a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1098 (9th Cir. 2011) (per curiam). The agency thus did not err in its nexus determination. Additionally, because Pinto Rivero failed to raise the PSG of former officers tasked with investigating terrorist organizations before the IJ, the board acted appropriately in declining to consider it. *See Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 189 (BIA 2018); 8 C.F.R. § 1003.1(d)(3)(iv)(A).

Second, Pinto Rivero contends that the agency erred in failing to conduct a mixed-motives nexus analysis. But the agency concluded that revenge was the sole motive. Because that finding is supported by substantial evidence, a mixed motives analysis was unnecessary. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

Finally, Pinto Rivero claims that the agency wrongly denied him CAT relief. To obtain such relief, a person must show that it is more likely than not that upon returning to the country of removal he will be tortured by, or with the acquiescence

3

of, the government. 8 C.F.R. § 1208.16(c)(2). The agency did not err in denying relief. Pinto Rivero based his claim on a speculative chain of events, and the record in this case does not compel the conclusion that each of those events was more likely than not to occur. *Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1155 (9th Cir. 2022).

2. The agency did not err in determining that Pinto Rivero's daughter, Escalante, was not entitled to asylum or withholding of removal. Substantial evidence supports the agency's determination that it was speculative Escalante's childhood molestation had any relation to her family or her father's work, as opposed to her simply being the unfortunate target of criminal activity. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Nor did the agency err in concluding that the phone threat she received did not rise to the level of persecution. Persecution "is an extreme concept that means something considerably more than discrimination or harassment." *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009) (quotation marks omitted).

Escalante did not separately challenge the agency's conclusion that she failed to show a likelihood of future persecution. But even if she had challenged that conclusion, it is supported by substantial evidence in the record, including by the

4

fact that other members of her immediate family currently live in Peru unharmed and regularly travel to and from the country.

Finally, Escalante's CAT claim fails for the same reason Pinto Rivero's does. It is based on a speculative chain of events, and the record evidence does not compel the conclusion that it is more likely than not that each event in the chain will occur.

3. Escalante's husband, Cerrillo, challenges the agency's determination that he was never threatened while in Mexico. Under 8 U.S.C. § 1252(d)(1), a court of appeals may only review a final order of removal if "the alien has exhausted all administrative remedies." Cerrillo failed to raise this issue before the BIA on appeal, and therefore it is not properly before us. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 417–19 (2023); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023), *as amended*. Regardless, substantial evidence supports the BIA's determination that Cerrillo did not experience past persecution in Mexico. Cerrillo has also waived any challenge to the agency's future harm finding by not raising this issue before this panel on review.

Cerrillo's last challenge is to the agency's denial of CAT relief. His only evidence of past harm is that while his brother was driving Cerrillo's truck in Mexico, someone threatened his brother and the "owner of the truck" in an apparent attempt at extortion. He also presented general country conditions evidence about gang violence in Mexico. This evidence does not compel the conclusion that Cerrillo

more likely than not would be tortured in Mexico by or with the acquiescence of a public official.

**PETITION DENIED.**